# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BRIAN KEITH EVERETT,

              Petitioner,      :      Case No. 1:16-cv-654

  - vs -                         District Judge Susan J. Dlott
                                Magistrate Judge Michael R. Merz

NEIL TURNER, Warden,
  North Central Correctional Complex,

                                :

              Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought pursuant to 28 U.S.C. § 2254, is before the Court for decision on the merits. Mr. Everett filed his Petition on June 17, 2016 (ECF No. 1). Magistrate Judge Bowman thereupon ordered the Respondent to answer and provided that Petitioner could file a reply to the return of writ not later than twenty-one days after the return was filed (ECF No. 3). The Return was filed August 26, 2016 (ECF No. 6) and the State Court Record ("SCR," ECF No. 5) on August 24, 2016. The time for filing a reply has expired and Petitioner has filed no reply.

**Procedural History**

Petitioner was indicted by the Hamilton County grand jury on one count of aggravated murder in violation of Ohio Revised Code § 2903.01(C), two counts of murder in violation of

1

Ohio Revised Code § 2903.02(B), one count of murder in violation of Ohio Revised Code § 2903.02(A), and one count of tampering with evidence in violation of Ohio Revised Code § 2921.12(A)(1) relating to the deaths of Nicole Smith and her daughter Stephanie. A petit jury found Everett guilty of voluntary manslaughter on Count 1 and guilty as charged on the other four counts. The trial judge merged Counts 1 and 2 with each other and Counts 3 and 4 and sentenced Petitioner to thirty-three years to life imprisonment. On direct appeal, the First District Court of Appeals affirmed. *State v. Everett*, 2015-Ohio-5273, 2015 Ohio App. LEXIS 5097 (1st Dist. Dec. 18, 2015), appellate jurisdiction declined, 145 Ohio St. 3d 1446 (2016). On April 13, 2015, Petitioner filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 which remained pending as of the date of the Return of Writ (See ECF No. 6, PageID 173).

On June 17, 2016, Mr. Everett filed his habeas corpus Petition in this Court, raising the following claims for relief:

> **GROUND ONE:** Failing to correctly instruct jury on defense of self-defense on count 1, 2, 3, and 4.
>
> **Supporting Facts:** 1) Court failed to instruct jury Mr.Everett had no duty to retreat in his residence 2) incorrectly instructed jury Mr Everett had to establish he had'nt [sic] violated any duty to escape or withdraw to avoid danger.
>
> **GROUND TWO:** Mr. Everett was denied effective assistance.
>
> **Supporting Facts:** 1) Mr. Everett's own counsel (Oswall) fails to object to jury instructions. 2) failed to request instruction under 2901.05 under his duty to retreat.
>
> **GROUND THREE:** Trial court erred to the prejudice of Mr. Everett by refusing to order a new trial for counts 1 and 2 which returned inconsistent verdicts.

2

**Supporting Facts:** 1) Counts 1, and 2 are in conflict since one is with passion and bit [sic] of reage [sic], and one isnt. [sic]

**GROUND FOUR:** Trial court erred to the prejudice of Mr. Everett by entering a judgement [sic] of conviction for tampering with evidence that is not supported by sufficient evidence.

**Supporting Facts:** There was no evidence that Mr. Everett removed items on purpose to impair availabilty [sic].

**GROUND FIVE:** Trial court erred to the prejudice of petitioner by entering a judgement of conviction on count five that is against manifest weight of evidence.

**Supporting Facts**: Evidence shown in respects is not enough to render a conviction against petitioner . [sic]

**GROUND SIX:** Trial court erred to the prejudice of petitioner by entering a judgement [sic] of conviction on counts two and three that are against manifest weight of evidence.

**Supporting Facts:** a) Testifies creditably the he was attack in his own home. [sic]

**GROUND SEVEN:** Ineffective assistance of appeals counsel.

**Supporting Facts:**

A) Appeals counsel failed to file ineffective assistance on trial counsel for failing to object to deputy coroner's speculation regarding that the petitioner was standing in back of alledged [sic] victim when back wounds occured. [sic]

B) Appeals sounsel [sic] faied [sic] to file ineffective assistance regarding misconduct of prosecutors and his witness by witness being hired for the defense to investigate on behalf of petitioner (prosecutor's witness was also in conflict sense [sic] he was the lead detective on two prior cases involving petitioner "Dennis Ficker"[.)]

C) Appeals counsel failed to file ineffective assistance on trial counsel for refusing to give petitioner an investigation on his behalf to find evidence, and witnesses.

(Petition, ECF No. 1.)

# Analysis

**Ground One: Erroneous Jury Instruction on Self-Defense**

In his First Ground for Relief, Petitioner asserts the trial judge gave erroneous jury instructions on his defense that he acted in self-defense.

Respondent asserts this Ground for Relief is procedurally defaulted by trial counsel's failure to make a contemporaneous objection to the instructions as given (Return, ECF No. 6, PageID 177, et seq.).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "[A]bsent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(*quoting Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485

(1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

5

> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Ohio's contemporaneous objection rule — that parties must preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998) — is an adequate and independent state ground of decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012), *citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 562 U.S. 876 (2010).

Here the First District enforced the contemporaneous objection rule by only applying plain error analysis to the instructions claim as it was raised on direct appeal. Reservation of authority to review in exceptional circumstances for plain error is not sufficient to constitute application of federal law. *Cooey v. Coyle,* 289 F.3d 882, 897 (6th Cir. 2002); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000). An Ohio state appellate court's review for plain error is

enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,* 271 F.3d 239 (6th Cir. 2001), *citing Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003).

Therefore the First Ground for Relief is procedurally defaulted.

The First Ground for Relief is also without merit. As the First District held, the instruction on self-defense given by the trial judge was an accurate statement of Ohio law. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). There is no clearly established Supreme Court precedent requiring any self-defense instruction different from the one given in this case.

**Ground Two: Ineffective Assistance of Trial Counsel**

In his Second Ground for Relief, Petitioner asserts he received ineffective assistance of trial counsel when his trial attorney did not make the contemporaneous objection that would have preserved the First Ground for appellate review and also failed to request an instruction under

7

Ohio Revised Code § 2901.05. The Warden concedes Mr. Everett preserved this ground for relief by presenting it on direct appeal to both the First District and the Ohio Supreme Court (Return, ECF No. 6, PageID 188).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires

> that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

The First District decided this ineffective assistance of trial counsel claim as follows:

> **[\*P16]** Continuing his protest of the jury instructions, Mr. Everett asserts that his counsel was ineffective because he did not object to the instructions on self-defense. But counsel was not deficient for failing to object to instructions that were a proper statement of the law regarding self-defense. See State v. Wilson, 3d Dist. Union No. 14-06-19, 2006-Ohio-6930, P 52. And even if counsel had requested jury instructions that managed to more clearly explain Everett's duty to retreat, we are unable to conclude that the result of the trial would have been different. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Bradley, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). The second assignment of error is overruled.

*State v. Everett, supra.*

As can be seen from this text, the First District recognized the governing Supreme Court precedent. *Strickland* was properly applied: it cannot be ineffective assistance of trial counsel to

9

fail to object to instructions or to request different instructions when the jury was properly instructed on the applicable law. Ground Two is therefore without merit.

**Ground Three: Inconsistent Verdicts**

In his Third Ground for Relief, Petitioner asserts he was constitutionally entitled to a new trial because the verdicts on Counts 1 and 2 were inconsistent. The First District decided this claim on the merits as the Third Assignment of Error on direct appeal. It held

> **[\*P17]** Everett's third assignment of error is that the court erred when it did not grant his motion for a new trial based on inconsistent jury verdicts. In finding Everett guilty of voluntary manslaughter, the jury concluded that Everett had knowingly caused Stephanie's death "while under the influence of sudden passion or in a sudden fit of rage, either of which [was] brought on by serious provocation occasioned by the victim that [was] reasonably sufficient to incite the person into using deadly force[.]" R.C. 2903.03(A). Mr. Everett contends that this finding is inconsistent the jury's finding that he had "cause[d] the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree[.]" R.C. 2903.02(B). Mr. Everett reasons that, if he was acting under the influence of sudden passion or in a sudden fit of rage, he would not have committed felonious assault but aggravated assault—a fourth-degree felony. *See* R.C. 2903.12(A).
>
> **[\*P18]** The seeming inconsistency between verdicts on two different counts is not a basis for reversal. "The several counts of an indictment containing more than one count are not interdependent and an inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count." *State v. Brown*, 12 Ohio St.3d 147, 12 Ohio B. 186, 465 N.E.2d 889 (1984), syllabus. *See Browning v. State*, 120 Ohio St. 62, 7 Ohio Law Abs. 140, 165 N.E. 566 (1929) ("A verdict responding to a designated count will be construed in the light of the count designated, and no other. An inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only

arises out of inconsistent responses to the same count."). Applying *Browning*, the Fifth Appellate District recently concluded that there was no inconsistency in a jury's verdicts that found the defendant guilty of the felony murder of a woman and the voluntary manslaughter of her unborn child, even though both deaths were caused by the same stab wounds. See *State v. Scott*, 5th Dist. Stark No. 2013CA00063, 2013-Ohio-5875.

**[*P19]** The same principle has been recognized by the United States Supreme Court. In *United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984), the Ninth Circuit Court had reversed a defendant's convictions for using a telephone to facilitate a conspiracy to possess cocaine because the defendant had been acquitted of the underlying conspiracy. The United States Supreme Court reversed the circuit court, reasoning that "where truly inconsistent verdicts have been reached, '[the] most that can be said * * * is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt.' " *Powell* at 64-65, citing *Dunn v. United States*, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1932). The court noted that "a criminal defendant already is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by trial and appellate courts." *Powell* at 67.

**[*P20]** This court undertook such an independent review when it considered apparently inconsistent verdicts in *State v. Carusone*, 1st Dist. Hamilton No. C-010681, 2003-Ohio-1018. There, the defendant had shot and killed a victim while feloniously assaulting a second victim. With respect to the first victim, the jury found the defendant guilty of both reckless homicide and involuntary manslaughter with an underlying offense of aggravated menacing. *Id.* at P 7. This court noted that for the defendant to have been convicted of both offenses, he would have had to have (1) shot the victim while *knowingly* putting the other victim in fear of serious physical harm (involuntary manslaughter) and, at the same time, (2) shot the first victim while *perversely disregarding* a known risk (reckless homicide). *Id.* at 49. The court concluded that the mental states for the two crimes were incompatible. *Id.* at 50. But that apparent inconsistency was not the basis for our disposition of the appeal. Rather, we determined that the state had not presented sufficient evidence to show that the second victim was in fear of serious physical harm, so we reversed the conviction for involuntary manslaughter and discharged the defendant on that count. *Id.* at 54.

> **[\*P21]** Everett's conviction is subject to the same review. He stands convicted of the felony murder of Stephanie. The voluntary-manslaughter count was merged by the court. Because the jury's findings were made in response to two separate counts, there was no inconsistency. And while Mr. Everett does not challenge whether the evidence was sufficient to support his conviction for the felony murder of Stephanie, he does contend that the conviction was against the weight of the evidence. . . . The third assignment of error is overruled.

*State v. Everett, supra.*

Petitioner has not shown that this decision is in any way an objectively unreasonable application of Supreme Court precedent. Ground Three should therefore be dismissed.


**Ground Four: Insufficient Evidence of Evidence Tampering**

In his Fourth Ground for Relief, Petitioner asserts that his conviction for evidence tampering is not supported by sufficient evidence.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship*, *supra*. A sufficiency challenge should be assessed against the elements of the crime, not against the elements set forth in an erroneous jury instruction. *Musacchio v. United States*, 577 U.S. ___, 136 S.Ct. 709, 193 L. Ed. 2d 639 (2016).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. *See United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. *See* 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Parker v. Matthews*, 567 U.S. 37, 43 (2012); *Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(en banc). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S.Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (*quoting Renico v. Lett*, 559 U. S. ___, ___, 130 S.Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651 (2012)(per curiam); *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam).

Petitioner presented this claim as his Fourth Assignment of Error on direct appeal and the First District decided it as follows:

> **[\*P22]** We consider Everett's remaining assignments of error together. In the fourth, he asserts that his conviction for tampering with the evidence was not supported by sufficient evidence, and in the fifth, he argues that the tampering conviction was against the manifest weight of the evidence. In the sixth, he maintains that the murder convictions were against the weight of the evidence.
>
> **[\*P23]** The tampering statute requires a showing that the

> defendant "[a]lter[ed], destroy[ed], conceal[ed], or remove[d] any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation[.]" R.C. 2921.12(A)(1). The state presented evidence that Everett had removed one of the knives used in the stabbing from the family room and that he had wiped the knife down with a cloth. This evidence was sufficient for the jury to infer that Everett had sought to impair the evidentiary value of the knife. *See State v. Smith*, 12th Dist. Warren No. CA2010-05-047, 2011-Ohio-1476.
>
> **[\*P24]** Mr. Everett also argues that the tampering conviction and the murder convictions were against the manifest weight of the evidence. He insists that his selfdefense [sic] claim was credible and that, because he had acted in self-defense, there was no reason for him to try to tamper with evidence. The jury, however, was in the best position to determine the credibility of evidence, particularly with regard to witness testimony. *See State v. Bryan*, 101 Ohio St.3d 272, 2004-Ohio-971, 804 N.E.2d 433, P 116; *State v. Williams*, 1st Dist. Hamilton Nos. C-060631 and C-060668, 2007-Ohio-5577, P 45. Based upon our review of the record—including a weighing of the evidence and all reasonable inferences, and consideration of the credibility of the witnesses—we cannot conclude that the jury so clearly lost its way as to create a manifest miscarriage of justice. *See State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997 Ohio 52, 678 N.E.2d 541 (1997). It is difficult, if not impossible, to reconcile Everett's self-defense claim with the physical evidence that both victims were stabbed in the back. The fourth, fifth and sixth assignments of error are overruled.

*State v. Everett, supra.*

Petitioner's Fourth Ground for Relief is completely conclusory: Mr. Everett does not tell this Court why he thinks the evidence recited by the First District is insufficient. It is clear that the knife was wiped and moved and thereby made less useful to law enforcement. Thus Mr. Everett's actions had the effect that an intentional tampering would have had and he gives no basis for why the jury should not have inferred that that is what he intended. The Fourth Ground for Relief should be dismissed as without merit.

**Ground Five: The Tampering Conviction is against the Manifest Weight of the Evidence**

**Ground Six: The Convictions on Counts Two and Three are against the Manifest Weight**

As the Warden points out, manifest weight claims do not state a claim under the United States Constitution. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986). Grounds Five and Six should therefore be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Seven: Ineffective Assistance of Appellate Counsel**

In his Seventh Ground for Relief, Petitioner claims his attorney on appeal provided ineffective assistance of appellate counsel in several respects. The Warden asserts this claim is procedurally defaulted because the only method Ohio allows for raising such a claim is by an application for reopening under Ohio R.App. P. 26(B). Mr. Everett has never filed such an application and the time within which he could have done so has long since expired.

The Warden's defense is well taken and Ground Seven should therefore be dismissed.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify

to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 5, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).