IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

BRIAN KEITH EVERETT,

        Petitioner,      :      Case No. 1:16-cv-654

 - vs -                      District Judge Susan J. Dlott
                              Magistrate Judge Michael R. Merz

NEIL TURNER, Warden,
  North Central Correctional Complex,

                             :

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

This habeas corpus case, brought pursuant to 28 U.S.C. § 2254, is before the Court on Mr. Everett's Objections (ECF No. 11) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 10) recommending that the Petition be dismissed with prejudice.

As required by Fed. R. Civ. P. 72(b)(3), the District Judge has reviewed de novo each objection made by Mr. Everett and concludes as set forth in this Order.

Petitioner's First Ground for Relief claims his trial jury was incorrectly instructed on the defense of self-defense. The Magistrate Judge recommended that the Court uphold the procedural default defense raised by the Warden (Report, ECF No. 10, PageID 1448-51). In the alternative the Report concluded the claim was without merit because there is no constitutionally mandated self-defense instruction and the Ohio First District Court of Appeals found the instruction given was correct under Ohio law. *Id.* at PageID 1451.

The Objections claim that the First District was wrong as a matter of Ohio law

1

(Objections, ECF No. 11, PageID 1462).  However, this Court does not sit in habeas corpus to correct errors of state law.  Moreover, the Objections do not speak to the procedural default of this claim.  Accordingly, the Objections on the First Ground are overruled.

Petitioner's Second Ground for Relief is that he received ineffective assistance of trial counsel when his trial attorney did not object to the self-defense instruction.  However, as the Report concluded, there can be no deficient performance of counsel in failing to object to an instruction found by the court of appeals to be correct.

In Ground Three Mr. Everett claims he was constitutionally entitled to a new trial because the verdicts on Counts 1 and 2 were inconsistent.  The Report concluded the First District had decided this claim on the merits and Petitioner had not shown any Supreme Court precedent which the First District unreasonably applied in making its decision.  The Objections do not cite any such case authority and are therefore overruled.

Petitioner makes no objection to the dismissal of Ground Four.  Grounds Five and Six claim that various of the convictions were against the manifest weight of the evidence.  As the Report concludes, a manifest weight claim is not reviewable in habeas corpus (Report, ECF No. 10, PageID 1460, citing *Johnson v. Havener*, 534 F. 2d 1232 (6th Cir. 1986)).  The Objections cite no authority to the contrary.

In Ground Seven Mr. Everett claimed he received ineffective assistance of appellate counsel in several respects.  The Report concluded this claim was procedurally defaulted because Petitioner never raised that claim in the First District Court of Appeals by an application for reopening under Ohio R. App. P. 26(B).  The Objections offer no rebuttal on that point.

Accordingly, having reviewed the Objections de novo, the Court finds they are without

merit and they are OVERRULED.  The Report is ADOPTED and the Clerk is directed to enter judgment dismissing the Petition with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July _25__, 2017.

                                            __s/Susan J. Dlott_____
                                                    Susan J. Dlott
                                              United States District Judge